## Brackett *Ex'r vs.* Leighton.

Where one devised to his wife "her full and reasonable dower in all his estate, according to the laws of this State;" it was held that the term "dower" must be taken in its legal acceptation, and limited exclusively to the realty.

This cause, which was *assumpsit,* came up by exceptions taken in the court below.

The defendant pleaded the general issue, and the statute of limitations. To prove a new promise within six years, the plaintiff called the widow of his testator, the late Dr. *Samuel Brackett ;* to whose competency the defendant objected, on the ground that by the will of the testator she was entitled to a third part of his personal estate ; and therefore had a direct interest in the subject of this action.

The devise to the widow was in these words : " *First.* It is my will that my beloved wife *Teresa Brackett* shall have, hold and enjoy her full and reasonable dower in all my estate, according to the laws of this State." The testator then bequeathed five dollars to each of the children of his first wife ; and gave " all the rest and residue of his estate, real and personal," to his five other children, in equal shares.

Brackett v. Leighton.

Upon this evidence *Whitman C. J.* was of opinion that the widow was entitled, by the will, to a third part of the personal estate which might remain after the payment of the debts ; and therefore rejected her, as an incompetent witness by reason of her interest. To which the plaintiff excepted.

*Longfellow*, in support of the exceptions, contended that by the term " dower " the widow was excluded from any share in the personal estate ; and cited *Perkins v. Little*, 1 *Greenl.* 148.

*Deblois*, for the defendant, argued that the words of the will ought to be taken in their popular sense ; and that wills should receive a " favorable and benign · interpretation ;" by which is meant an interpretation to the advantage of the devisee.　*Shep. Touchst.* 417, 436, 437 ; *Hogan v. Jackson, Cowp.* 299 ; 6 *Binn.* 94 ; *Cook v. Holmes,* 11 *Mass.* 528 ; 9 *Mass.* 161 ; *Kermon v. McRoberts,* 1 *Wash.* 96 ; *Doug.* 323 ; *Jeffries v. Poyntz,* 3 *Wils.* 141 ; *Ibbotson v. Beckwith, Cas. temp. Talb.* 157 ; *Sherman v. Sherman,* 1 *Wash.* 266.　Upon the rules adopted in these cases, the words " all my estate " which were employed by the testator, include all his property, real and personal.　It is evident that he meant to dispose of all he had ; by giving one third to the wife, and the rest to her children.　And by referring to the laws of the land, he would have her take what the law would have given her had he died intestate.　The word " dower." here is equivalent to the popular term " dowry ;" meaning all which the law gives a woman, out of her husband's property.　The purposes of the testator towards his wife were manifestly those of generosity and affection ; and to apply to his language the rules of an arbitary, technical construction, of which he was wholly ignorant, is in effect to make a new will for him, to which he never would have set his hand. *Palmer v. Richards,* 3 *D. & E.* 356 ; *Barnes v. Patch,* 8 *Ves.* 604 ; *Tanner v. Wise,* 3 *P. Wms.* 94 ; *Bearcroft v. Bearcroft,* 2 *Vern.* 619 ; 5 *Burr.* 2638 ; *Grayson v. Atkinson,* 1 *Wils.* 333 ; *White v. Barber,* 5 *Burr.* 2703 ; 4 *Dane's Abr.* 530 ; *Blanford v. Applin,* 4 *D. & E.* 82 ; *Bean v. Halley,* 8 *D. & E.* 5 ; *Doe v. Micklin,* 6 *East* 486.

Brackett *v.* Leighton.

WESTON J. delivered the opinion of the Court.

If the witness rejected had no interest in the personal estate of the testator her late husband, she was competent to testify. And this depends upon the true construction of the first clause in the will of the deceased, making provision for her. It is in these words, "it is my will that my beloved wife, *Teresa Brackett,* shall have, hold, and enjoy her full and reasonable dower in all my estate, according to the laws of this State." Dower is a term well known to the law; and has reference only to real estate. It is also a term of familiar and general use in the community; and we are not aware that it has any popular acceptation, varying from its technical meaning. Indeed dower is an interest so generally known, and so well understood, that there are probably few persons competent to do business, who would be at any loss as to the construction of the term. And we do not feel at liberty to extend its meaning in the will in question. It is possible the testator might have used it in a larger sense; although whether he did so or not is altogether conjectural. He intended it is said to be generous to his wife; but we have no other evidence of his intentions in this respect, than what appears in this clause in his will. He gives her dower in all his estate, but it was to be according to the laws of the State, which allow it only in lands, tenements, or hereditaments.

After bequeathing five dollars each to the two sons of his former wife, in the third clause of his will, the testator devises and bequeaths all the rest and residue of his estate, real and personal, to his other children. Here the term, personal, is used that his meaning might not be misunderstood, although the word, estate, is a general term, embracing every species of property. Had he used the same terms in the clause providing for his wife, viz. dower in all his real and personal estate, although dower, as applied to the personalty, would have been used in an improper sense, yet it might fairly have been understood to carry a third part of his personal estate. But we find him using it in the third clause, and omitting it in the first. He gives her dower in all his estate, according to the laws of the State. The law gives her dower in all his real estate;

and we find nothing in the will, which warrants the construction, that he intended to give her any thing more.

The exceptions are accordingly sustained; and there must be a new trial at the bar of this court.